UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 1:25-cr-118 (JMC) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **KEVIN HOPKINS,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. On July 25, 2025, the defendant, Kevin Hopkins, pleaded guilty to a one-count Indictment, charging him with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Felony, in violation 18 U.S.C. § 922(g)(1).

For the reasons herein, and based on the 18 U.S.C. § 3553(a) factors, the United States requests that the Court sentence the defendant to a period of 37 months' incarceration, a sentence at the high-end of the applicable Guidelines. The United States further requests that the Court impose a period of three years of supervised release.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2024, law enforcement with the Metropolitan Police Department (MPD) and Drug Enforcement Agency (DEA), executed a search warrant on a residence located in Southeast, Washington, D.C. Law enforcement targeted that residence based on information that the Defendant was in possession of a firearm. The Defendant did not reside at the residence, but the mother of his child, Dominique Brown, did. When officers entered, the Defendant was seated on a couch in the main living area of the apartment. He was then moved from the couch and placed

1

in handcuffs nearby as officers conducted the search. Shortly thereafter, MPD Sgt. Scott Possinger located an Astra A-100 9mm firearm wedged between cushions of the couch where Hopkins had been sitting. The firearm was loaded with 14 rounds in a 17-round capacity, high-capacity magazine.

The firearm and its magazine were swabbed for DNA evidence, which was analyzed. The results provide "very strong support" that the DNA obtained from the firearm and magazine swabs originated from the Defendant and other unknown individuals.

While there were no children in the home at the time the search warrant was executed, body worn camera footage of the search and arrest indicates that at least one child lived in the apartment, and as previously stated the firearm was unsecured, in the couch in the main living area of the apartment, and loaded.

As previously mentioned, the Defendant was arrested in the instant case in the residence of Dominique Brown. In a series of incidents in June 2016, the Defendant violated a civil protective order that Dominique Brown, his ex-girlfriend and the mother of his child, had obtained. First, the Defendant tried to kick down the door of Ms. Brown's apartment on June 6, damaging the door so that Ms. Brown and her children were stuck inside the apartment for an hour until it was removed. On June 28, the Defendant forcibly took the daughter he shared with Ms. Brown out of Ms. Brown's arms while she was in public and tried to take the girl to his home. Finally, in the early morning hours of June 30, 2016, the Defendant entered Ms. Brown's apartment while she was sleeping, woke her up, and sprayed her with mase in the face after threatening her. A few hours later that same day, the Defendant chased Ms. Brown down on the street near her apartment and punched her in the face multiple times after she had fallen to the ground, fracturing her jaw, giving her two blacks eyes, and rendering her unconscious. Ms.

Brown testified about these incidents under penalty of perjury in grand jury and at trial in Superior Court in 2017. The Defendant was in custody from the time of the prior assault in 2016 until September 27, 2024—two months before his arrest in the instant case.

The Defendant was arrested on November 20, 2024, and was initially charged in D.C. Superior Court, where he was detained pending trial. On April 24, 2025, a grand jury in the District Court of the District of Columbia returned an indictment charging Hopkins with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). On July 25, 2025, the defendant pleaded guilty to the Indictment.

## II. Statutory Penalties And The Sentencing Guidelines

The United States concurs with the assessment of the United States Probation Office for the District of Columbia regarding the total offense level applicable in this case, the defendant's criminal history score, and the resultant USSG range. The United States agrees that the base offense level in this case is 20 pursuant to USSG § 2K2.1(a)(4)(B). *See* ECF No. 36 (Draft Presentence Investigation Report ("PSR")) ¶ 13.[1] Given the defendant's acceptance of responsibility, there should be a two-level reduction, bringing the total adjusted offense level to 18. *Id.* ¶ 22.

The United States further agrees, based on the documentation available to the PSR writer about the defendant's prior convictions, that the defendant's criminal history score is 3, which places him in Criminal History Category II. *Id.* ¶ 34. Accordingly, an offense level of 18 at a

---

[1] A Final Presentence Investigation Report has not yet been docketed or received by the government, but neither party filed any objections to the Draft Presentence Investigation Report.

Criminal History Category II places the defendant's Guidelines range at 30 to 37 months of incarceration.

The United States is seeking a Guidelines-compliant sentence of 37 months' incarceration. This sentence reflects the principles set forth in the Guidelines and appropriately balances the § 3553(a) factors and the interests of justice.

### III. DISCUSSION AND SENTENCING RECOMMENDATION

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The United States recommends that the Court sentence the defendant to a term of 37 months' incarceration followed by three years of supervised release. Under the totality of circumstances, including the nature and seriousness of the offense and the defendant's history and characteristics (which includes several violent acts), the United States submits that such a sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

## IV. Nature And Circumstances Of The Offense And History And Characteristics Of The Defendant

As described in the Factual Background, the nature and circumstances of the defendant's offense warrants a high-end sentence. The defendant not only unlawfully possessed a firearm, but he possessed a loaded firearm, with a high-capacity, extended magazine, unsecured, in an apartment where children lived and belonged to a woman he has violently assaulted on multiple occasions.

The defendant's path to this day did not involve an isolated misstep or incident, but rather repeated arrests and contacts with the criminal justice system dating back to 1998, when he was a juvenile. PSR ¶ 23-31. As outlined in the Presentence Report, the defendant has five adult convictions between 2004 and 2016 for possession of marijuana, distribution of marijuana, carrying a pistol without a license, attempted unlawful possession of liquid PCP, and burglary, assault with significant bodily injury, kidnapping, stalking, civil protection order violation, and destruction of property under $1,000. All but one of the offenses that led to those adult convictions were committed while the defendant was on supervision. And, as previously stated—the defendant was in custody for the 2016 conviction until September 27, 2024--less. He had been on supervised release for less than two months before he was arrested in this case. The defendant has been detained since his arrest. Clearly neither the defendant's previous convictions nor supervision have had a deterrent effect on the defendant's behavior.

What's more, the current charge is not the defendant's first firearm conviction. The defendant was previously charged with, and convicted of, similar criminal conduct, having plead guilty in 2011 to Carrying a Pistol Without a License. Additionally, the defendant was charged with possession of an unregistered firearm and possession of a prohibited rifle in relation to his 2011 conviction for attempted unlawful possession of liquid PCP, and although the charges were

dismissed as part of the plea agreement, the defendant admitted to throwing a rifle out of a window when MPD entered the apartment where he was arrested to execute a search warrant. The defendant's criminal history reflects a brazenness and lack of respect for the rule of law and the safety of the community.

### V.     The Need For The Sentence To Be Imposed

Under the totality of the circumstances, a 37-month sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a). The United States credits the defendant's acceptance of responsibility in this case but also recognizes that high-end sentence of 37 months reflects the seriousness and dangerousness of his conduct. Undaunted, the defendant has continuously displayed callous disregard for the rule of law and the safety of the community.

As such, a 37-month period of incarceration is appropriate to deter him from further illicit firearms activity, to protect the community, and to signal to the defendant that there are real costs for repeatedly flouting the law and the terms of his supervised release.

### VI.     CONCLUSION

For the foregoing reasons, the United States recommends that the defendant, Russell Campbell, be sentenced to 37 months' incarceration to be followed by a term of three years' supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


/s/ *Kate M. Naseef*
KATE M. NASEEF
Assistant United States Attorney
VA Bar Number 87850
Violent Crime and Narcotics Trafficking Section
601 D Street, N.W.
Washington, D.C. 20530
Office: 202-252-1796
Kate.Naseef2@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing motion was served on counsel of record for the defendant via electronic filing.


 /s/  *Kate M. Naseef*
KATE M. NASEEF
Assistant United States Attorney